Submitted on record and briefs October 6, reversed and remanded
December 13, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## GREGORY D. SATCHELL,
*Appellant.*

## 02M5185; A125140

150 P3d 4

Peter Ozanne, Executive Director, Peter Gartlin, Chief Defender, Legal Services Division, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for two counts of unlawfully taking wildlife, an elk, during closed season, ORS 498.002, and three counts of waste of a game mammal, an elk, ORS 498.042. He assigns error to the trial court's denial of his motion to suppress incriminating statements he made to Oregon state troopers. Defendant argues that the statements were obtained under compelling circumstances, in violation of Article I, section 12, of the Oregon Constitution and *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966). We agree. We reverse and remand.

The facts are not disputed. In October 2002, the Oregon State Police received a report of illegal elk hunting. Two Oregon State Police troopers responded. In the early morning hours, the troopers observed a pickup truck driving along a road and shining its spotlight into trees. The troopers legally stopped the pickup for a traffic violation. The troopers ordered defendant and his passenger out of the vehicle because the officers were concerned that there might be weapons in the pickup. Defendant was handcuffed prior to any search for weapons. The troopers searched defendant, the passenger, and the pickup for weapons; none were discovered.

The troopers questioned defendant, who was still handcuffed, for approximately 20 to 30 minutes before defendant made incriminating statements concerning illegal hunting for elk. Defendant made the incriminating statements before the troopers gave defendant *Miranda* warnings.

In order to protect a person's right against compelled self-incrimination, there are two circumstances which require the giving of *Miranda* warnings to a suspect prior to questioning by an officer: (1) when the suspect is in "full custody" or (2) in a setting that judges and officers should recognize to be "compelling." *State v. Roble-Baker*, 340 Or 631, 638, 136 P3d 22 (2006). Defendant argues that, once he was handcuffed, he was entitled to *Miranda* warnings because either he was in full custody or he was being questioned under compelling circumstances.

We need not determine whether defendant was in full custody at the time he made incriminating statements, because we agree with defendant that, at the time defendant made his incriminating statements to the troopers, he was, at least, under compelling circumstances. In addition, the state concedes that the trial court erred: "[T]here appears to be no doubt that defendant, who confessed while handcuffed and when confronted with incriminating information supplied by his companion, was in a compelling situation and thus should have been given a *Miranda* warning before being questioned." We accept the state's concession.

Reversed and remanded.